UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

KAREEM ABDUL JOHNSON #105117    CIVIL ACTION NO. 22-cv-296

VERSUS    CHIEF JUDGE HICKS

USAA, ET AL    MAGISTRATE JUDGE HORNSBY

### REPORT AND RECOMMENDATION

**Introduction**

Kareem Johnson ("Plaintiff"), who is self-represented, has filed 14 civil actions in this court between November 2021 and February 2022, most of which complain about events related to his alleged purchase of a pickup truck and criminal charges that were lodged against him. This action targets insurer USAA, Janella Johnson, and James Harris. Plaintiff alleges that those parties are guilty of fraud and other wrongs. For the reasons that follow, it is recommended that this civil action be dismissed for lack of subject matter jurisdiction.

**Relevant Facts**

Plaintiff's complaint asserts that there is jurisdiction because his claims arise under federal law, the parties are citizens of different states, and the amount in controversy exceeds $75,000. He alleges that in March 2021 he purchased a 2020 Chevrolet Silverado, with Janella Johnson as a cosigner. The truck was "fully covered with insurance through USAA" in the names of Plaintiff and Janella Johnson.

Plaintiff alleges that about four days after the purchase USAA received a call from James Harris, who pretended to be Plaintiff. Plaintiff does not allege the nature of the call, but he alleges that it amounts to fraud and forgery in violation of various Louisiana statutes. Plaintiff faults all three defendants for injuring public records in violation of a Louisiana criminal statute, La. R.S. 14:132. He also alleges that USAA failed to provide him with "client funds" as required by provisions of the Louisiana Administrative Code.

Plaintiff alleges that his "client rights" were violated (by someone). He cites, as the source of those rights, 42 C.F.R. 483.420 and 483.410(1) (2) & (3), as well as Section 601 of Title VI of the Civil Rights Act of 1964. Plaintiff also alleges that his "constitutional rights" were violated under the Louisiana constitution and the Fourteenth Amendment's guarantee that a person will not be deprived of his life, liberty, or property without proper legal proceedings.

**Analysis**

### A. Authority to Review for Jurisdiction

Plaintiff is proceeding in forma pauperis, and this court is authorized by 28 U.S.C. § 1915(e)(2) to review IFP complaints and dismiss them if they are frivolous. The court also has a duty to examine the basis for subject matter jurisdiction. Torres v. Southern Peru Copper Corp., 113 F.3d 540, 542 (5th Cir. 1997). If subject matter jurisdiction over the complaint is lacking, dismissal is appropriate for that reason and pursuant to § 1915. Humphries v. Various Federal U.S. INS Employees, 164 F.3d 936, 941 (5th Cir. 1999). The court may act on its own motion; the objections period that follows this recommendation satisfies the requirement that Plaintiff be afforded notice and an

opportunity to be heard on the jurisdictional issue prior to dismissal. See Alexander v. Trump, 753 Fed. Appx. 201, 208 (5th Cir. 2018).

"Federal courts are courts of limited jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 114 S. Ct. 1673, 1675 (1994). "They possess only that power authorized by Constitution and statute." Id. There is a presumption that a suit lies outside that limited jurisdiction. Howery v. Allstate Ins. Co., 243 F.3d 912, 916 (5th Cir. 2001). The burden of establishing grounds for jurisdiction rests on the party who seeks the federal forum. Settlement Funding, LLC v. Rapid Settlements, Limited, 851 F.3d 530, 537 (5th Cir. 2017).

### B. Diversity Jurisdiction

One basis for original jurisdiction is diversity jurisdiction under 28 USC § 1332. For diversity jurisdiction to exist, the amount in controversy must exceed $75,000, and there must be complete diversity of citizenship. Bynane v. Bank of New York Mellon, 866 F.3d 351, 355 (5th Cir. 2017). The party seeking the federal forum, in this case Plaintiff, has the burden of establishing diversity jurisdiction. Id.

Complete diversity of citizenship does not exist if the plaintiff shares the same state citizenship as any one of the defendants. Corfield v. Dalls Glen Hills, LP, 355 F.3d 853, 857 (5th Cir. 2003). Plaintiff's complaint alleges that he, Janella Johnson, and James Harris are all citizens of Louisiana. Thus, there is no basis for diversity jurisdiction under Section 1332.

### C. Federal Question Jurisdiction

The other basis for jurisdiction typically invoked in civil cases is federal question jurisdiction under 28 U.S.C. § 1331. Jurisdiction under the statute is assessed based on the

well-pleaded complaint rule. It provides that a federal court has jurisdiction only if a federal question appears on the face of the well-pleaded complaint. Gutierrez v. Flores, 543 F.3d 251-52 (5th Cir. 2008). Even if a claim invokes federal jurisdiction, it may nonetheless be dismissed for want of subject-matter jurisdiction if the claim is not colorable. That is, the court lacks jurisdiction if the complaint invokes federal law but the claim is immaterial and made solely for the purpose of obtaining jurisdiction, or the claim is wholly insubstantial and frivolous. In re: KSRP, Ltd., 809 F.3d 263, 267 (5th Cir. 2015), citing Bell v. Hood, 66 S.Ct. 773 (1946).

Plaintiff asserts claims that his federal constitutional rights were violated, which if true could be actionable under 42 U.S.C. § 1983. The complaint does not, however, allege a colorable claim under the statute. Plaintiff's complaint suggests that the individual defendants are private citizens and that USAA is a private insurance company. Section 1983 claims may properly be brought only against a state actor who acts under color of law, such as a policeman or other government official. See West v. Atkins, 108 S.Ct. 2250 (1988); Whitley v. Hannah, 726 F.3d 631, 638 (5th Cir. 2013) (Section 1983 claim may be asserted only when the alleged deprivation of federal rights was committed by a person acting under color of state law). Plaintiff's mere labeling of his claim as one for violation of the constitution is not sufficient to make a claim against a private person or entity a viable federal claim. Johnson v. Loyola University, 673 Fed. Appx. 436 (5th Cir. 2017).

Plaintiff also invokes Section 601 of Title VI of the Civil Rights Act. That statute provides: "No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to

discrimination under any program or activity receiving Federal financial assistance." There is nothing in the complaint to state a colorable claim that Plaintiff was excluded from participation in any program or activity that receives federal funding. His complaint relates solely to unhappiness with individuals and an insurance company.

Plaintiff also invokes 42 C.F.R. Section 483.420 and Section 483.410. Those federal regulations relate to the rights of patients in intermediate care facilities for individuals with intellectual disabilities. There is no basis for a colorable claim under those regulations in this case. Accordingly, Plaintiff has not established a basis for federal question jurisdiction under Section 1331.

**Conclusion**

Plaintiff has not set forth a factual basis for the court to exercise diversity jurisdiction, and he has not asserted a colorable non-frivolous federal claim that would support the exercise of federal question jurisdiction. Plaintiff might be able to state a claim under state law against his fellow Louisiana citizens, but "generally, there is no federal jurisdiction if the plaintiff properly pleads only a state law cause of action." Guiterrez, 543 F.3d at 252, quoting Bernhard v. Whitney Nat'l Bank, 523 F.3d 546, 551 (5th Cir. 2008). There may be a proper court or forum for Plaintiff to seek relief on state law claims, but this federal court is not it.

Accordingly,

It is recommended that Plaintiff's complaint be dismissed without prejudice for lack of subject-matter jurisdiction and pursuant to 28 U.S.C. § 1915(e)(2).

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 23rd day of May, 2022.

Mark L. Hornsby
U.S. Magistrate Judge